In re the Matter of Jill R. STOELTING.

This contempt proceeding arose
in the following case:

UNITED STATES of America, Plaintiff,

v.

Yahweh Ben YAHWEH,
et al., Defendants.

No. 90–868–CR.

United States District Court,
S.D. Florida.

Feb. 12, 1992.

See also 779 F.Supp. 1342.

ORDER OF CRIMINAL CONTEMPT

ROETTGER, Chief Judge.

THIS CAUSE is before the Court SUA
SPONTE.

This Court began jury selection in the above styled case on January 2, 1992. On that day, members of the venire were instructed by this Court to avoid anything in the news media pertaining to this case. This instruction was repeated on Friday, January 3, 1992. On these dates, jurors were also instructed not to discuss the case with anyone. On Monday, January 6, 1992, the name of prospective juror, Jill R. Stoelting, was drawn. She stated at side bar, somewhat snippishly, that during the previous evening she had viewed a story in the news media; additionally, she stated that not only had she formed an opinion concerning the case, but also she had expressed her opinion and bias to one other member of the jury panel—after this Court's instructions to the contrary.

Based on the foregoing facts, the Court concludes that the actions by prospective juror, Jill Stoelting, were in direct disobedience of the lawful orders of the Court. After learning with whom on the panel she had spoken, the Court held her in contempt and so advised Ms. Stoelting at the side bar. The contempt was committed in the actual presence of the Court and requires summary disposition under Rule 42(a) of the Federal Rules of Criminal Procedure. *In re Jackson*, 592 F.Supp. 149 (S.D.Fla. 1984), *aff'd United States v. Baldwin*, 770 F.2d 1550 (11th Cir.1985), *cert. den. Jackson v. United States*, 475 U.S. 1120, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986).

Ms. Stoelting's actions could have had serious ramifications. A special jury panel with 128 attendees was summoned for this case because of the nature of this R.I.C.O. case charging the leader and fifteen members of a religious group with 16 murders—including means of execution such as beheading, arson of a neighborhood, and extortion; it had received extensive news media coverage, nationally as well as locally. If she had expressed her views of bias to a larger number of prospective jurors, this Court would likely have had no recourse but to start the jury selection process again with a new panel. This would have resulted in at least a two months delay of the trial. Although this result was averted, jury selection was lengthened by at least thirty minutes while precautions were taken to insure the impartiality of the jury and to assure that Ms. Stoelting's action had no effect on the jury. The taxpayers will have to pay for the expense of this additional time which includes the time of the Assistant United

States Attorney, the sixteen Defense counsel who are Court appointed, Court Room Security Officers and numerous deputy marshals.

A hearing was scheduled for January 27, 1992 for prospective juror, Jill Stoelting, to show cause why she should not be held in contempt. Although the contempt was under Rule 42(a), a hearing at a latter date was the more prudent course. Ms. Stoelting's blatant disregard for this Court's order was so aggravating to the Court that the punishment imposed at the time of her actions almost certainly would have led to imposition of jail time. Additionally, her conduct was so serious that the additional time would afford her the opportunity to obtain counsel.

At the hearing on January 27, 1992, Jill Stoelting offered no explanation for her actions or why she should not be held in contempt of Court for violating this Court's instruction to the venire.

Therefore, it is

ORDERED AND ADJUDGED that pursuant to Fed.R.Crim.P. 42(a), Jill R. Stoelting is held in contempt of Court and fined the sum of $250 payable immediately to the Clerk of the Court.

DONE AND ORDERED.